IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:05CR258 |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BENJAMIN RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

At his request, and on Monday, February 6, 2006, I met with United States Attorney, Michael Heavican.  Mick Mickle, a supervising Assistant United States Attorney, Kirk Naylor, counsel for the defendant, and James Rowoldt, Chief United States Probation Officer, also participated in the meeting.   We discussed a memorandum and order that I had issued in this case on February 2, 2006.  (*See* filing 40.)

Our discussion was very helpful.  I was glad to receive assurances from Mr. Heavican that his office would cooperate fully with the United States Probation office regarding the provision of facts necessary to the preparation of presentence reports. I was also pleased to learn that his office policy prohibited "fact bargaining" and that his office would disclose to the court, including the probation office, all readily provable facts that are relevant to calculations under the Sentencing Guidelines.  On the other hand, it was informative for me to learn that the requirement of an affidavit from the prosecutor, as mandated by my earlier memorandum and order, was seen as unnecessarily adversarial.   In particular, I appreciated the frank and candid exchange of views from all the participants in the meeting.

After considering the views of Mr. Heavican, Mr. Mickle, Mr. Naylor and Mr. Rowoldt, and understanding that they are all in agreement with the following,

IT IS ORDERED that:

1.   The requirement of paragraph 2 at pages 5-6 of filing 40 is withdrawn. That is, an affidavit from Ms. Bunjer is no longer required.  However, no other portion of filing 40 is altered.

2.   On or before February 17, 2006 Ms. Bunjer shall serve and file a brief: (a) explaining the nature and circumstances surrounding her dealings with USPO Voss in this case; and (b) explaining the basis for the Rule 11(c)(1)(C) drug-quantity stipulation in the plea agreement (filing 20 ¶ 12), giving particular attention to United States v. Coney, 390 F. Supp. 2d 844 (D. Neb. 2005) (describing the court's approach about whether to adopt a Rule 11(c)(1)(C) plea agreement and the factors that should be considered when such a plea agreement conflicts with the presentence report).

3.   After I have received the response described in the preceding paragraph, I shall set this matter for resolution of the defendant's objection to the presentence report and for sentencing.

4.   The Clerk's office shall provide copies of this memorandum and order to counsel of record in this case.    My chambers shall also provide copies of this memorandum and order to Mr. Heavican, Mr. Mickle, Mr. Rowoldt, Ms. Voss and David Stickman, Federal Public Defender.

February 7, 2006.                    BY THE COURT:

                                     s/Richard G. Kopf
                                     United States District Judge

-2-